IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YVETTE SMITH,                                    :
                                                 :
            Plaintiff,                           :
                                                 :
v.                                               :      Civil Action No.
                                                 :      1:14-CV-00622-TWT-JCF
RESIDENTIAL CAPITAL, LLC,                        :
RESIDENTIAL ACCREDIT LOAN, LLC,                  :
RESIDENTIAL FUNDING LLC,                         :
HOMECOMING FINANCIAL, LLC,                       :
DEUTSCHE BANK NATIONAL TRUST                     :
COMPANY AMERICAS as Trustee,                     :
MORTGAGE ELECTRONIC                              :
REGISTRATION SYSTEMS, INC.,                      :
GMAC MORTGAGE, OCWEN LOAN                        :
SERVICING and its successors , and              :
MCCURDY AND CANDLER LLC                          :
                                                 :
            Defendants.                          :

## ORDER and REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's application to proceed *in forma pauperis* (Doc. 1).  After consideration of Plaintiff's affidavit in support of her request to proceed *in forma pauperis* (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a), and Plaintiff shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees.  However, because Plaintiff's Complaint (Doc. 1-1) fails to state a claim on

which relief may be granted, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**.

## Factual Background[1]

On March 5, 2007, Plaintiff obtained a mortgage loan for $179,200.00 ("the Loan") from Homecomings Financial, LLC ("Homecomings"), secured by property at 4785 Michael Jay Street, Snellville, Georgia 30039 ("the Property"), and evidenced by a Promissory Note ("the Note") executed in favor of Homecomings and its successors and assigns, promising to repay the Loan amount. (*See* Doc. 1-1 at ¶ 11; Doc. 1-4 at 1-4). Plaintiff also signed a Security Deed ("the Security Deed" or "the Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Homecomings and its successors and assigns, granting MERS a first priority security interest in the Property to secure Plaintiff's indebtedness under the Note. (*See* Doc. 1-4 at 5-20). The Security Deed provided that Plaintiff granted MERS, as nominee for the Lender and the Lender's successors and assigns, and MERS' successors and assigns, power of sale of the Property. (*Id.* at 7).

In April 2009, after Plaintiff was in default on the loan, she entered into a loan modification with Homecomings. (*See* Doc. 1-10). Servicing of the loan was transferred from Homecomings, "a GMAC Company," to GMAC Mortgage, LLC

---

[1] These facts are taken largely from copies of documents attached to Plaintiff's Complaint.

effective July 1, 2009.  (*See* Docs. 1-11, 1-12).  Plaintiff continued to default on the loan, and McCurdy & Candler, LLC sent Plaintiff notices of foreclosure proceedings in 2009, 2010, and 2011.  (*See* Docs. 1-15, 1-17).

On April 1, 2011, MERS assigned the Security Deed to Deutsche Bank Trust Company Americas as Trustee RALI 2007QS6.  (*See* Doc. 1-18 at 1).  In February 2013 servicing of the loan was transferred from GMAC to Ocwen Loan Servicing, LLC.  (*See* Doc. 1-20 at 1-2).   In a February 16, 2013 letter, Ocwen advised Plaintiff it was "servicing your account on behalf of RESIDENTIAL FUNDING CORP, which currently owns the interest in your account."  (*Id.*).  In an April 9, 2013 letter, Ocwen informed Plaintiff that the creditor had been misidentified in the February 16, 2013 letter, and that the correct "creditor to whom the debt is owed is Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS6."  (Doc. 1-20 at 3).

On May 28, 2013, McCurdy & Candler sent Plaintiff a Notice of Acceleration & Foreclosure Sale and Notice of Sale Under Power, informing her that because her loan was in default, the entire amount of the loan was due, and a foreclosure sale was scheduled for July 2, 2013.  (*See* Doc. 1-21 at 2-4).  In the foreclosure notice, McCurdy & Candler advised Plaintiff that her loan was serviced by Ocwen Loan Servicing, LLC which was "the entity who has full

authority to discuss, negotiate, or change all terms of the mortgage," and provided Ocwen's address and telephone number.   (*Id.* at 2).   McCurdy & Candler also identified the secured creditor as "Deutsche Bank Trust Company Americas as Trustee RALI 2007-QS6."   (*Id.*).   It does not appear that as of the date Plaintiff filed her Complaint, March 3, 2014, the foreclosure sale had occurred.

## Discussion

Having determined that Plaintiff may proceed *in forma pauperis*, the Court must determine whether Plaintiff's claims may proceed, in light of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).   Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   *See* FED. R. CIV. P. 8(a)(2). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. "Additionally, because Plaintiff[ is] acting pro se, [her] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiff's Complaint fails to satisfy the above-described pleading standards in several respects. First, her 60-page, 130-paragraph Complaint is a classic example of a "shotgun" pleading. A "shotgun" complaint is one where "each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010). "This circuit condemns shotgun pleading." *Id.* Here, Plaintiff asserts five "causes of action"

5

against Defendants: "fraud"; "wrongful attempted foreclosure"; "civil conspiracy"; "theft by deception and cremin falsi"; and "mortgage fraud-tort."   Each of her "causes of action" or counts incorporates all preceding paragraphs into each count, thus incorporating all counts and allegations in support into each subsequent count.

Moreover, Plaintiff's "causes of action" consist of largely conclusory allegations of wrongdoing by Defendants related to the mortgage at issue, the securitization of the mortgage, MERS assignment of the Security Deed to Deutsche Bank, and Defendants' efforts to foreclose on the subject property.  For the most part, Plaintiff fails to specify which actions each Defendant engaged in to support each of Plaintiff's causes of action.

Turning to the substance of Plaintiff's claims, the undersigned notes that Plaintiff does not dispute that she is in default on the subject loan or allege that she has made the payments on the loan as required.  Instead, she alleges that the foreclosure proceedings were faulty because (a) the loan was improperly securitized; (b) the Promissory Note and Security Deed were improperly split; (c) the MERS electronic recording system is an invalid effort to avoid paying county recording fees; (d) the assignment of the Security Deed to Deutsche Bank was improper; (e) Defendants have not produced the promissory note; (f) Defendants do not possess the promissory note and therefore do not have standing to foreclose; and (g) Defendants failed to give proper notice of the foreclosure sale pursuant to

O.C.G.A. § 44-14-162.2 because the notice fails to properly identify the secured creditor.  (*See* Doc. 1-1).

Courts have repeatedly rejected these claims.  *See Tonea v. Bank of Am., N.A.*, No. 1:13-cv-1435, 2014 U.S. Dist. LEXIS 34838, at *7-8 (N.D. Ga. Mar. 18, 2014) (rejecting plaintiff's argument that MERS did not have the authority to assign his mortgage "and the securitization of the loan was improper" because "MERS is the grantee under the security deed, to which Plaintiff expressly agreed, . . . and because the securitization of Plaintiff's mortgage does not absolve Plaintiff from paying his loan obligation"); *Milburn v. Aegis Wholesale Corp.*, No. 1:12-CV-01886-RWS, 2013 U.S. Dist. LEXIS 36664, at *9 (N.D. Ga. Mar. 18, 2013) (explaining that "as a stranger to the Assignment, Plaintiff lacks standing to challenge it"); *Clarke v. Branch Banking & Trust Co.*, No. 1:12-CV-03383-JEC-RGV, 2013 U.S. Dist. LEXIS 49875, at *22 (N.D. Ga. Mar. 4, 2013) (noting that the plaintiff's "claim appears to be an attempt to repackage a 'produce the note' argument that has been repeatedly rejected by this court, and is therefore due to be dismissed" (listing cases)); *Jenkins v. McCalla Raymer, LLC*, No. 1:10-CV-03732-CAP-AJB, 2011 U.S. Dist. LEXIS 95652, at *72 (N.D. Ga. July 28, 2011) (rejecting plaintiff's fraud claim against MERS premised on its alleged efforts to avoid recordation fees), *aff'd* 2012 U.S. App. LEXIS 22176 (11th Cir. Oct. 25, 2012); *LaCosta v. McCalla Raymer, LLC*, No. 1:10-CV-1171-RWS, 2011 U.S.

7

Dist. LEXIS 5168, at *15-18 (N.D. Ga. Jan. 18, 2011) (rejecting plaintiff's wrongful foreclosure claim based on "splitting" of note and security deed and finding that holder of security deed was authorized to exercise power of sale); *You v. JP Morgan Chase Bank, N.A.*, 743 S.E. 2d 428, 433 (Ga. 2013) (holding that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed," and further holding that the secured creditor need not be identified in the notice required by O.C.G.A. § 44-14-162.2 so long as the notice identifies the "individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor," whether that is the note holder, the deed holder, an attorney, or the servicer ).

Plaintiff's Complaint consists primarily of nothing more than "labels and conclusions, . . . formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. As this Court has observed:

> Plaintiff's allegations are remarkably similar to those in numerous other cases that have been filed by plaintiffs (often unrepresented) in an effort to delay, prevent or even reverse foreclosures and dispossessory actions. Such lawsuits—wherein the plaintiffs often make rambling, incomprehensible and/or conclusory allegations about mortgage industry practices such as the securitization of mortgages, and the MERS assignment and registration system, allege that the promissory note and the security deed have been improperly "split" or

8

separated, and demand to see the promissory note—have become commonplace.

*Jorgensen v. Fed. Home Loan Mortg. Corp.*, No. 2:12-CV-00236-RWS, 2013 U.S. Dist. LEXIS 130963, at *10 (N.D. Ga. Sept. 13, 2013) (listing cases). The undersigned finds that Plaintiff has failed to satisfy the pleading requirements of Rule 8, *Twombly* and *Iqbal*, even taking her *pro se* status into account. *See Washington v. CSX Transp. (R.R.)*, No. CV408-247, 2009 U.S. Dist. LEXIS 12903, at *4-5 (S.D. Ga. Mar. 9, 2009) ("[T]he *Twombly* pleading standard, even when applied to *pro se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims."), *adopted by* 2009 U.S. Dist. LEXIS 39308 (S.D. Ga. May 8, 2009).

The undersigned acknowledges that where a "more carefully drafted complaint might state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amendment would be futile. *Lee v. Alachua Cnty.*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (unpublished decision). A more carefully drafted complaint would not state a claim in this case, however, and it would be futile to allow Plaintiff to amend her Complaint. The Complaint is utterly devoid of facts

to support Plaintiff's claims, and the documents she attaches to the Complaint fail to demonstrate the plausibility of her claims.

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED with prejudice**. *See, e.g.*, *Milani v. OneWest Bank FSB*, 491 Fed. Appx. 977, 980-81 (11th Cir. 2012) (unpublished opinion) (finding that "it was no[t] error for the district court to deny Plaintiff leave to amend his complaint; any amendment would be futile" where the "[t]he factual allegations in Plaintiff's complaint establish that Plaintiff has defaulted on the pertinent loan obligation; that the pertinent security deed – signed by Plaintiff – was assigned from Defendant MERS to IndyMac Federal Bank, FSB to Defendant OneWest; and that OneWest is now initiating foreclosure proceedings on the property")[2]; *McFarland v. BAC Home Loans Servicing, LP*, Civil Action No. 1:11–CV–04061–RWS, 2012 U.S. Dist. LEXIS 82638 (N.D. Ga. June 14, 2012) (granting defendant's motion to dismiss *pro se* plaintiff's similar complaint alleging wrongful foreclosure and to quiet title, and dismissing complaint with prejudice); *Woodberry v. Bank of Am.,*

---

[2] The plaintiff in *Milani*, who was represented by counsel, made many of the same allegations as those made by Plaintiff in this case: "Plaintiff's complaint alleged that Defendant OneWest is incapable of properly foreclosing on the property because the Defendants 'separated the pertinent note and security deed in the process of engaging in the 'illegal scheme of securitization of residential mortgages' – leaving the note unsecured and the security deed unenforceable – and because certain of the assignments of the pertinent security deed were fraudulent or 'doctored.' " 491 Fed. Appx. at 978-79.

*N.A.*, No. 1:11-CV-3637, 2012 U.S. Dist. LEXIS 4197 (N.D. Ga. Jan. 12, 2012) (same).

## Summary

It is **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is **GRANTED**.  It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED with prejudice** for failure to state a claim on which relief can be granted.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 27th day March, 2014.

 /s/  J. CLAY FULLER
J. CLAY FULLER
United States Magistrate Judge